IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
DEC 17 2014
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**LIFENET HEALTH,**

          **Plaintiff,**

v.                             Civil Action No. 2:13cv486

**LIFECELL CORPORATION,**

          **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant LifeCell Corp.'s ("Defendant" or "LifeCell") Emergency Motion to Stay Execution of Judgment Pending the Disposition of Post-Trial Motions ("Motion"). Doc. 399. After reviewing the written submissions, the Court finds that a hearing will not aid the decisional process. For the reasons stated herein, the Court **GRANTS** the Motion, subject to the conditions specified herein.

### I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

On September 6, 2013, Plaintiff LifeNet Health ("Plaintiff" or "LifeNet") filed a one-count Complaint, alleging that Defendant infringed U.S. Patent No. 6,569,200 ("the '200 Patent"). Doc. 1. An eleven-day jury trial commenced on November 3, 2014. On November 18, 2014, the jury returned a verdict in favor of Plaintiff, finding that Defendant's Strattice, AlloDerm RTU, Conexa, and GraftJacket RTU products infringed claims 1, 2, 3, 4, 7, 8, and 10 of the '200 Patent, and that said claims were not invalid as anticipated, obvious, or for lack of enablement. Doc. 369. The jury found that Plaintiff was entitled to a lump sum royalty of $34,741,871. Id. On November 20, 2014, judgment was entered in that amount, in addition to Plaintiff's costs of action. Doc. 395.

On December 3, 2014, Defendant moved the Court pursuant to Federal Rule of Civil

Procedure 62(b) to stay execution of judgment pending the disposition of post-trial motions. Doc. 399. On December 4, 2014, the Court entered an Order staying execution of the judgment for fourteen (14) days, pending expedited briefing of Defendant's Motion. Doc. 401. Plaintiff responded in opposition to the Motion on December 11, 2014. Doc. 409. Defendant filed its reply brief on December 15, 2014. Doc. 411.

## II. LEGAL STANDARD

"On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motions: (1) under Rule 50, for judgment as a matter of law; ... [or] (3) under Rule 59, for a new trial or to alter or amend a judgment...." Fed. R. Civ. P. 62(b). "'Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for a new trial.'" Int'l Wood Processors v. Power Dry, Inc., 102 F.R.D. 212, 214 (D.S.C. 1984) (quoting Marcelletti & Sons Constr. Co. v. Millcreek Twp. Sewer Auth., 313 F. Supp. 920, 928 (W.D. Pa. 1970)). The Court must provide some form of security to the judgment creditor. Peacock v. Thomas, 516 U.S. 349, 359 n.8 (1996).

## III. DISCUSSION

In support of its motion, Defendant represented to the Court that it has the financial resources to satisfy the judgment. Doc. 400 at 6. It also offered to provide Plaintiff advanced notice of any proposed corporate restructuring. Id. at 5. Defendant also represented that it would post an appropriate bond pending appeal, in the event the Court were to deny its post-trial motions. Id. at 1.

Plaintiff argues that the fact Defendant has the financial means to satisfy the judgment is

not enough for the court to waive the requirement of a bond. Doc. 409 at 1. Plaintiff notes that the Court already denied Defendant's previous Rule 50 motion.[1] Id. at 6. Plaintiff has also expressed concern about Defendant's corporate structure, noting that it resisted discovery on this topic and recently reorganized. Id. at 7. Accordingly, Plaintiff asks that the Court require Defendant to post a bond in the full amount of the judgment as a condition of granting Defendant's motion. Id. at 10.

In response, Defendant offered the following conditions as security: that it would provide an assurance to not undertake any corporate restructuring while post-trial motions are pending and that Defendant's parent Acelity L.P. Inc. ("Acelity") would provide an undertaking to serve as a guarantor with respect to the judgment against Defendant. Doc. 411 at 2. To the extent the Court requires a bond, Defendant asks that it be no more than $10 million, combined with an undertaking by Acelity to provide a guarantee as to the remainder of the judgment. Id.

While Federal Rule of Civil Procedure 62(b) requires the terms of the stay provide for "appropriate terms," many courts have required that the party seeking a stay to post a bond equal to, or in excess of, the amount of the judgment. See, e.g., Gen. Steel Domestic Sales, LLC v. Chumley, No. 10-cv-1398, 2013 WL 2634640, at *2 (D. Colo. June 12, 2013) (requiring bond in the amount of the judgment, three months post-judgment interest, and costs already taxed); Irwin Indus. Tool Co. v. Worthington Cylinders Wis., LLC, No. 3:08cv291, 2010 WL 2245580, at *1 (W.D.N.C. June 1, 2010) (requiring supersedeas bond in the amount of the judgment plus prejudgment interest); Ireland v. Dodson, No. 07-4082, 2009 WL 1559784, at *1 (D. Kan. May 29, 2009); Int'l Wood Processors, 102 F.R.D. at 215 (requiring bond in the amount of the judgment plus three months' interest).

---

[1] At this stage, the Court takes no position on the merits of any of the parties' potential post-trial motions.

However, a full supersedeas bond is not required to secure Plaintiff, because only "adequate terms" need be required to secure Plaintiff. See, e.g., Ireland, 2009 WL 1559784, at *1 ("it is within the Court's discretion to determine whether a supersedeas bond is required to protect plaintiffs' interests."); American Family Mut. Ins. Co. v. Miell, No. C04-0142, 2008 WL 746604, at *2 (N.D. Iowa Mar. 19, 2008); In't'l Wood Processors, 102 F.R.D. at 215 ("the risk of an adverse change in the status quo is less when comparing adequate security pending post-trial motions with adequate security pending appeal.").

While Defendant avers that it can satisfy the judgment, the fact remains that it recently underwent a corporate reorganization in the past few months, on top of previous mergers.[2] Moreover, Defendant is not headquartered in this district, and thus it would appear to lack assets in this jurisdiction sufficient to satisfy the judgment. See Int'l Wood Processors, 102 F.R.D. at 215.

Accordingly, in order to stay execution of the judgment, Defendant must post some form of security equal to the amount of the judgment. This may take the form of United States currency, or the posting of a surety bond with security approved by the Court. These terms will provide adequate security to Plaintiff, but may alleviate some of the costs of posting a full supersedeas bond.

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** the Motion, subject to Defendant posting security in the full amount of the judgment in either cash or with the posting of a surety bond with security approved by the Court.

The Clerk is **REQUESTED** to deliver a copy of this Order to all counsel of record.

---

[2] It should be noted that the Court had difficulty understanding the various reorganizations and corporate structure when addressing discovery motions in this case.

It is so **ORDERED**.

                                                /s/
                            Henry Coke Morgan, Jr.
                            Senior United States District Judge

                            HENRY COKE MORGAN, JR.
                            SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
Date: December 17, 2014