IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LIFENET HEALTH,

    Plaintiff,

v.                                  Civil Action No. 2:13cv486

LIFECELL CORPORATION,

    Defendant.

## OPINION AND ORDER

This matter is before the Court upon Defendant LifeCell Corp.'s ("Defendant") Motion to Seal Portions of the Trial Transcripts Containing Defendant's Trade Secrets and Third Party Confidential Information ("Motion"). Doc. 425. For the reasons stated herein, the Court **DENIES** the Motion at this time.

### 1. BACKGROUND

On September 6, 2013, Plaintiff LifeNet Health ("Plaintiff" or "LifeNet") filed a one-count Complaint, alleging that Defendant infringed U.S. Patent No. 6,569,200 ("the '200 Patent"). Doc. 1. An eleven-day jury trial commenced on November 3, 2014. On November 18, 2014, the jury returned a verdict in favor of Plaintiff, finding that certain of Defendant's products infringed claims 1, 2, 3, 4, 7, 8, and 10 of the '200 Patent, and that said claims were not invalid as anticipated, obvious, or for lack of enablement. Doc. 369. The jury found that Plaintiff was entitled to a lump sum royalty of $34,741,871. Id. On November 20, 2014, judgment was entered in that amount, in addition to Plaintiff's costs of action. Doc. 395.

Prior to trial, Defendant moved on October 30, 2014, to seal documents and close the courtroom during the presentation of confidential material at trial. Doc. 318. The Court denied

the Motion at that time, unable to "make the determination that the presence of trade secrets and financial information outweighs the public's First Amendment right to access court proceedings." Doc. 325 at 2. However, upon the showing of a need for sealing, the Court ultimately sealed certain trial exhibits admitted into evidence during the course of the trial. Doc. 410. While the Court never closed the courtroom during the course of the proceedings, the Court placed observers under the Court's previously entered protective order.[1] Doc. 426 at 1; see also Doc. 390 at 34.

The instant Motion was filed on December 19, 2014. Doc. 426. No opposition has been filed by Plaintiff.

## 2. LEGAL STANDARD

"Trial exhibits, including documents previously filed under seal, and trial transcripts will not be filed under seal except upon a showing of necessity demonstrated to the trial judge." Local R. of Civ. P. 5(H). Any motion for a protective order providing prospectively for filing of documents under seal shall be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and a proposed order." Id. 5(C).

While there is a general common law right of public access to judicial proceedings, the United States Supreme Court has recognized that such right is "not absolute." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). One of the recognized exceptions is when a party seeks to protective commercially sensitive information, such as trade secrets, from public disclosure. Id. The Fourth Circuit has approved of partial sealing of court proceedings when trade secrets will be disclosed, but such sealing should be limited to "only those portions necessary

---

[1] When the Court took this action during the trial, it noted that the only observers up to that point had been court personnel, who are already under a duty of confidentiality, attorneys, witnesses, and party representatives. Doc. 390 at 34. This remained constant throughout the course of the trial. Moreover, when the Court asked if any observers objected to being placed under the protective order, no one objected. Id.

to prevent the disclosure of trade secrets." Woven Elecs. Corp. v. Advance Group, Inc., 930 F.2d 913, 1991 WL 54118, at *6 (table disposition).

### 3. DISCUSSION

In Woven Electronics, although an unpublished decision, the Fourth Circuit joined other circuits in finding that the presence of trade secrets can warrant the closing of court to the public. Woven Elecs., 1991 WL 54118, at *6. The Fourth Circuit, however, was clear that it was "not announcing a blanket rule that the presence of trade secrets will in every case and at all events justify the closure of a hearing or trial. In these sensitive situations courts must proceed cautiously and with due regard to the unique facts involved in each case." Id. This is because the First Amendment right of access extends to civil trial. American Civil Liberties Union v. Holder, 673 F.3d 245, 252 (4th Cir. 2011).

The Fourth Circuit in Woven Electronics further instructed that in a case involving trade secrets, that the record should "be sealed to the extent necessary to prevent the release of trade secrets." Woven Elecs., 1991 WL 54118, at *6. However, this does not warrant "a blanket sealing of the record;" rather, the Court shall "seal only those portions necessary to prevent the disclosure of trade secrets." Id. (quoting In re Iowa Freedom of Information Council, 724 F.2d 658, 663-64 (8th Cir. 1983)). "Such a partial sealing strikes an appropriate balance between the public's right of access to judicial records and proceedings and the parties' legitimate interest in the protection of sensitive proprietary information." Id.

Mindful of the delicate balance between ensuring public access and Defendant's right to the protection of its trade secrets, the Court has taken numerous actions short of closing the entire courtroom. It placed observers under the protective order in this case, sealed exhibits admitted

into evidence during the course of trial, sealed exhibits submitted in support of the numerous pre-trial motions, and redacted Court orders to limit the disclosure of sensitive information. The four areas of information that Defendant wishes redacted from the transcript, which covers its preservation technology, its manufacturing processes, information subject to third-party confidentiality agreements, and information concerning ongoing research and development projects, are consistent with the type of information that the Court has previously sealed or redacted, and is further consistent with the case law. See, e.g., Nixon, 435 U.S. at 598 (considering "sources of business information that might harm a litigant's competitive standing to be an interest outweighing the right to public access) Woven Electronics, 1991 WL 54118, at *3 (finding plaintiff's manufacturing process involved a trade secret); RegScan, Inc. v. Bureau of Nat. Affairs, Inc., No. 1:11cv1129, 2011 WL 5239221, at *3 (E.D. Va. Nov. 1, 2011) (finding that protection of trade secrets can override the First Amendment right to access in certain instances).

In the instant Motion, Defendant has identified one hundred and thirty-eight (138) sections of the transcript that it wishes to redact. The problem with the request as currently presented to the Court is that the majority of the requests are not sufficiently narrowly tailored to remove only the confidential information. One passage is illustrative of this problem. Defendant asks the Court to redact the portion of the transcript from page 583, line 23 to page 584, line 3. This particular passage contains the identity of four plasticizers that Defendant wishes redacted. However, in this passage the Court is asking counsel about an important exhibit that showed removal of plasticizer from one of the accused skin grafts. The removal of plasticizer from the skin graft was one of the more important issues in the case. While the Court is inclined to redact the specific identity of the plasticizers, redacting the entirety of this important passage, and others like it, does not give the public an opportunity to truly understand the issues in this case.

Moreover, a less drastic alternative to complete redaction of some of these terms exists. Instead of complete redaction of the specific plasticizers that Defendant wishes redacted, a placeholder such as "plasticizer" or "additive" can be used. Thus, public access is protected in the sense that the public can gain a greater understanding of the case, while protecting Defendant's trade secrets that show the specific amount or specific cocktail of ingredients in its products.

Thus, the Court will **DENY** the Motion to Seal at this time. If Defendant wishes to redact portions of the transcript, it must provide the Court with more specific, targeted proposed redactions. Such proposed redactions must include copies of pages highlighting the specific redactions that Defendant wishes or key words or phrases that can be redacted. Defendant shall provide placeholder terms to substitute for confidential information where it is redacted. The Court recognizes that technology may exist that allows Defendant to engage in such activity in a much more efficient manner than the present filing before the Court. To the extent that Defendant can utilize such technology in conjunction with the court reporters, Defendant is encouraged to coordinate with them for these purposes.

### 4. CONCLUSION

Accordingly, the Court **DENIES** the Motion, Doc. 425.

The Clerk is **REQUESTED** to deliver a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
Date: January 9, 2015